UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

ANDREW WOODROME, IV

Case No. 4:15-cr-28-TWP-VTW-12

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors

provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing

Commission,

IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED.

1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

ANDREW WOODROME, IV

Case No. 4:15-cr-28-TWP-VTW-12

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Andrew Woodrome, IV's ("Mr. Woodrome")
Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 1085). For the
reasons stated below the Motion is **denied**.

## I.  DISCUSSION

Mr. Woodrome was one of 15 persons charged in December 2015 for his role in a drug
conspiracy. (Dkt. 75.) On September 26, 2016, the parties filed a plea agreement, and a final
presentence investigation report was prepared and filed on December 6, 2016. (Dkts. 343, 387.)
Mr. Woodrome was held accountable for approximately 1,160 grams of methamphetamine, and
198 grams of heroin, resulting in a total adjusted offense level of 31. (Dkt. 387, ¶ 16.) Based on
his criminal history category of V, he faced a guidelines sentencing range of 168-210 months'
imprisonment. (Id. ¶ 74.) On March 24, 2017, the Court sentenced Mr. Woodrome to 158
months' imprisonment, followed by 5 years of supervised release. (Dkt. 458.)

In his motion, Mr. Woodrome seeks immediate release so he can help his disabled father care
for his ill mother. (Dks. 1085, 1087, 1100). Specifically, his mother suffers from diabetes, high
blood pressure, glaucoma, a skin disease, broken bones, disability from a total hip replacement,
amputated toe, infected foot, "completely dead leg," carpal tunnel syndrome and stage 3 lung

cancer. Mr. Woodrome's father currently cares for his mother, but it is difficult for him because he is also disabled.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

While the Court sympathizes with Mr. Woodrome's desire to help his parents as much as possible, this does not appear to be a situation where his mother has no other available caregivers. Mr. Woodrome briefly mentions a half-brother, and his father is currently caring for his mother. While it may be increasingly difficult for his father to do so, it appears that he is nonetheless still able. Moreover, even if there were no other available caregivers, the Court would not find this to be a valid reason for granting Mr. Woodrome compassionate release. Many inmates have aging and sick parents and family members whom they might like to support. The desire to care for an elderly or ill parent, however, is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants

requesting compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Given the determination that Mr. Woodrome has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Woodrome is not entitled to compassionate release because the § 3553 factors do not weigh in his favor. [1] Mr. Woodrome plans to live with his parents and care for them if released. He hopes to work part-time and to take classes. He plans to volunteer at a homeless shelter and become involved with his church.  Mr. Woodrome also represents that he has been drug-free since 2018. Weighing heavily against him, however, Mr. Woodrome's crimes were serious, and he committed the instant offense while on probation for a state conviction. Finally, Mr. Woodrome is not due to be released from custody for another 5 years and releasing him now would therefore be a substantial windfall.

In light of these considerations, the Court finds that releasing Mr. Woodrome now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

## II.   CONCLUSION

For the reasons stated above, Defendant's Motion for Compassionate Release, dkt. [1085], is **DENIED**.

**IT IS SO ORDERED:**

Dated: 6/27/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Andrew Woodrome
Reg. No. 13859-028
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV  26351

All Electronically Registered Counsel