UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:15-cr-00028-TWP-VTW-12 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANDREW WOODROME, IV | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:15-cr-00028-TWP-VTW-12 ) |
| ANDREW WOODROME, IV, | ) ) ) |
| Defendant. | ) |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Andrew Woodrome, IV's ("Mr. Woodrome") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i), seeking "either a compassionate release or a possible reduction in sentence" (Dkt. 1118 at 4). For the reasons explained below, whether Mr. Woodrome is seeking immediate release or a reduction in sentence, his Motion is **denied**.

### I. DISCUSSION

Mr. Woodrome was one of 15 persons charged in December 2015 for his role in a drug conspiracy. (Dkt. 75.) In 2017, he pled guilty to one count of conspiracy to distribute and to distribute 500 grams or more of methamphetamine and 1 kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Dkt. 458.) According to the factual basis of his plea agreement, Mr. Woodrome was a member of a drug trafficking organization that distributed large amounts of methamphetamine and heroin. (Dkt. 343 at 8.) For his part in the conspiracy, Mr. Woodrome was held accountable for approximately 1,160 grams of actual methamphetamine, and 198 grams of heroin. His criminal history score was 11 which established a criminal history category of V. Pursuant to the United States Sentencing Guidelines, he faced a sentencing range

2

of 168-210 months of imprisonment, (Dkt. 387 at 17), and the Court sentenced him below the guideline to 158 months' imprisonment, followed by 5 years of supervised release. (Dkt. 458 at 2, 3.)

In his Motion, Mr. Woodrome seeks immediate release so he can help his aging and ill parents. (Dkt. 1118.) Both of his parents are suffering from various serious medical conditions. *Id.* at 3-5. Mr. Woodrome represents that there are no other available caregivers for his parents. *Id.* at 2.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

While the Court sympathizes with Mr. Woodrome's desire to help his parents as much as possible, the Court does not find this to be a valid reason for granting him compassionate release. As the Court told Mr. Woodrome when it denied his prior compassionate release motion on this basis, *see* Dkt. 1111, many inmates have aging and sick parents and family members whom they might like to support. The desire to care for an elderly or ill parent, however, is not an

3

extraordinary and compelling reason warranting a sentence reduction. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). Given the determination that Mr. Woodrome has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

Even if he had made such a showing, however, the Court would nevertheless find that Mr. Woodrome is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[1] Mr. Woodrome plans to live with his parents and care for them if released. (Dkt 1118 at 9.) He also represents that he has secured " jobs with many different companies." *Id*. at 10. Mr. Woodrome states that he has taken all programs available to him and is going to be screened for the Residential Drug Abuse Program soon. *Id*. at 7. Weighing heavily against him, however, Mr. Woodrome's crime was serious and he committed the instant offense while on probation for a state conviction. He also has multiple prior felony convictions. (Dkt. 387 at 7-10.) Mr. Woodrome is not due to be released from custody until November 2027 and releasing him now would therefore be a substantial reduction.

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In light of these considerations, granting Mr. Woodrome's motion would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

Mr. Woodrome also writes that "come Nov. 1st I believe I'm available for a 2 point reduction on my sentence for having been on probation. I also believe I may be able to file for relief due to the purity of the meth on my case as well." (Dkt. 1118 at 9). If Mr. Woodrome believes he has other extraordinary and compelling reasons for compassionate release under the new amendments to the Sentencing Guidelines, Policy Statements and Official Commentary, *see* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last accessed Sept. 20, 2023), he is certainly free to file a new motion after November 1, 2023, if and when those amendments take effect.

## II. CONCLUSION

For the reasons stated above, Mr. Woodrome's Motion for Compassionate Release, Dkt. [1118], is **DENIED**.

**SO ORDERED.**

Date:  09/27/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew Woodrome, IV, Reg. No. 13859-028
Federal Correctional Institution Berlin
P.O. Box 9000
Berlin, New Hampshire  03570

5

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE
lara.langeneckert@btlaw.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov