UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:15-cr-28-TWP-VTW-12 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANDREW WOODROME, IV | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cr-00028-TWP-VTW-12 |
| ) | |
| ANDREW WOODROME, IV, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on Defendant Andrew Woodrome's ("Woodrome") Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A) (Dkt. 1165). For the reasons explained below, his motion is **denied**.

### I.   BACKGROUND

Woodrome was one of 15 people charged in December 2015 for his role in a drug conspiracy. (Dkt. 75.) On September 26, 2016, the parties filed a plea agreement, and a final presentence investigation report was prepared and filed on December 6, 2016. (Dkts. 343, 387.) Woodrome was held accountable for approximately 1,160 grams of methamphetamine, and 198 grams of heroin, resulting in a total adjusted offense level of 31. (Dkt. 387, ¶ 16.) Based on his criminal history category of V, he faced a guidelines sentencing range of 168 to 210 months imprisonment. (*Id.* ¶ 74.) On March 24, 2017, the Court sentenced Woodrome to 158 months imprisonment, followed by 5 years of supervised release. (Dkt. 458.) The Bureau of Prisons ("BOP") currently reports Woodrome's anticipated release date (with good-conduct time included) as November 28, 2027. https://www.bop.gov/inmateloc/ (last visited September 10, 2024).

2

Woodrome has filed his fourth motion for compassionate release *pro se*. (Dkt. 1165.) Woodrome argues that he establishes extraordinary and compelling reasons for compassionate release because he is needed at home to provide care for his ailing parents. *Id.* The Court has concluded that it can resolve the motions without a response from the United States.

## II.     DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Section 3582(c)(1)(A) includes an administrative exhaustion provision, which states that a court may reduce a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "must be enforced when properly invoked."  *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).  "[I]n order properly to exhaust, an inmate is required to present the same or similar ground[s] for compassionate release in a request to the Bureau as in a motion to the court."  *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).  A primary purpose of the exhaustion requirement is to provide notice to the Warden of the defendant's claims.  *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (evaluating an exhaustion defense in a § 1983 claim) ("Thus, once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement.").

Woodrome admits that he has not petitioned the warden of his institution for compassionate release. (Dkt. 1165 at 3.)  He states that he did not because it is a time sensitive matter and he had previously filed for compassionate release.  *Id.*  However, § 3582(c)(1)(A) contains no exception for compassionate release petitions for which the defendant perceives to be time sensitive. Moreover, his previous motions for compassionate release do not satisfy or exempt him from the statutory requirements for compassionate release including exhaustion of administrative remedies. For this reason, Woodrome's motion for compassionate release must be **denied**.

Even if the Court were to assume that Woodrome had properly exhausted and established an extraordinary and compelling reason for his release, the Court would nevertheless find that Woodrome is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1]  The Court analyzed these factors as follows in its most recent order denying compassionate release:

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and

4

> Mr. Woodrome plans to live with his parents and care for them if released. He hopes to work part-time and to take classes. He plans to volunteer at a homeless shelter and become involved with his church. Mr. Woodrome also represents that he has been drug-free since 2018. Weighing heavily against him, however, Mr. Woodrome's crimes were serious, and he committed the instant offense while on probation for a state conviction. Finally, Mr. Woodrome is not due to be released from custody for another 5 years and releasing him now would therefore be a substantial windfall.

(Dkt. 1122 at 4.) Woodrome has provided no new information which would alter the Court's conclusion. In light of these considerations, the Court finds that releasing Woodrome early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

### III.     CONCLUSION

For the reasons stated above, Woodrome's motion for compassionate release, Dkt. [1165], is **DENIED**.

**SO ORDERED.**

Date: 9/17/2024

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

DISTRIBUTION:

Andrew Woodrome, #13859-028
FCI Terre Haute
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 33
Terre Haute, Indiana 47808

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
brian.reitz@usdoj.gov

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE
lara.langeneckert@btlaw.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov